IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOMINIQUE ROBINSON,

                Plaintiff,

     v.

TIM DOUMA,

                Defendant.

ORDER

13-cv-729-wmc

---

      Plaintiff Dominique Robinson, a prisoner incarcerated in the Wisconsin Department of Corrections at the New Lisbon Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiff has filed a motion for use of release account funds to pay the entire $400 filing fee in this case and a certified copy of his inmate trust fund account statement. (Dkt. # 2, # 3).

      Plaintiff's motion to use his inmate release account to pay the filing fee in this case will be denied. (Dkt. #2) Although this court appreciates the initiative plaintiff has shown to pay the full filing fee up front, he cannot use his release account funds in the manner he requests. The federal *in forma pauperis* statute suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he should be allowed to use

his release account to pay some or all of the assessed amount. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account.

Because plaintiff's motion to use his release account to pay the entire filing fee in this case will be denied, the court presumes plaintiff wishes to proceed without prepayment of fees. After considering plaintiff's trust fund account statement, the court concludes that plaintiff qualifies for indigent status. Plaintiff is incarcerated, so his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

Using information for the relevant time period from plaintiff's trust fund account statement, 20% of the average monthly deposits to plaintiff's account is $9.30, but 20% of plaintiff's average monthly balance is $138.00. Because the greater of the two amounts is 20% of the average monthly balance, or $138.00, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this

2

amount on or before December 27, 2013. The only amount plaintiff must pay at this time is the $138.00 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that:

1. Plaintiff Dominique Robinson's motion to use release account funds (dkt. #2) to pay the entire filing fee in this case in this case is DENIED. However, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, then the inmate account office at the New Lisbon Correctional Institution is to use plaintiff's release account to pay the remainder of the assessed amount.

2. The court finds that plaintiff qualifies for indigent status and is assessed $138.00 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $138.00 on or before December 27, 2013. Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 6th day of December, 2013.

                        BY THE COURT:

                        /s/
                        PETER OPPENEER
                        Magistrate Judge